IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

PHILIPPE HETRICK,
    Plaintiff,

v.                                                Civil No. 1:23cv961 (DJN)

IINK CORP.,
    Defendant.

**MEMORANDUM ORDER**
**(Granting Motion to Amend)**

This matter comes before the Court on Plaintiff Philippe Hetrick's ("Plaintiff" or "Hetrick") Motion for Leave to Amend the Complaint (ECF No. 41 ("Motion")). In brief, Plaintiff seeks to: (i) strike refences to — and claims arising from — Hetrick Companies, LLC ("HetCo"), a prior plaintiff who was severed from this case and transferred to the Middle District of Florida; (ii) supplement his factual allegations with newly unearthed discovery evidence; and (iii) render other stylistic edits to the Complaint to simplify issues for trial. Defendant IINK Corp. ("Defendant" or "IINK") opposes the Motion, arguing that Plaintiff's proposed amendments qualify as futile, prejudicial and made in bad faith. For the reasons stated below, the Court hereby GRANTS Plaintiff's Motion (ECF No. 41).

                                              **I.    LEGAL STANDARD**

Federal Rule 15(a)(1) allows a plaintiff to amend their Complaint once, as of right, within twenty-one days after the filing of a responsive pleading. Once that window closes, a plaintiff may not amend without the written consent of the opposing party or the court's leave. Fed. R. Civ. P. 15(a)(2). Such leave "should freely [be] give[n] when justice so requires," Fed. R. Civ. P. 15(a)(2), and should be denied "only when the amendment would be prejudicial to the

opposing party, there has been bad faith on the part of the moving party, or the amendment would [be] futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc)). Rule 15 embodies a "highly permissive standard" favoring liberal amendment. *Correa v. Caliber Bodyworks of Va., LLC*, 2024 WL 37207, at *3 (E.D. Va. Jan. 3, 2024).

## II.   ANALYSIS

Plaintiff's amendments readily satisfy this standard. Both the original and proposed Complaint retell the same tale: a business relationship between Hetrick and IINK that soured after IINK suspected Hetrick of improperly using IINK's services. In response, IINK allegedly contacted Hetrick's largest customers and made numerous accusations about Hetrick's character and conduct. The only substantive differences between the Complaints include a refinement of the precise accusations that IINK expressed to Hetrick's clients.[1]

### a.   Futility

IINK argues that Hetrick's amendments qualify as futile, but this is not so. Futility arises "when the proposed amendment is clearly insufficient or frivolous on its face." *Macon v. Dupont*, 2011 WL 1838785, at *2 (E.D. Va. May 13, 2011). This standard constitutes a reformulation of the routine Rule 12(b)(6) standard and requires only that the "proposed amended complaint plausibly allege[] facts that could support a claim." *Parker v. Berryhill*, 2018 WL 5255233, at *2 (E.D. Va. Oct. 22, 2018). Accepting "as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), Hetrick's Amended Complaint crosses the *Twombly/Iqbal* pleading standard of stating "a claim for relief

---

[1] The Amended Complaint also removes HetCo's claims and allegations, and properly so, as that entity no longer constitutes a party to this litigation. (*See* ECF No. 20 (severing HetCo's claims and transferring them to the Middle District of Florida).)

that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). As a result, Hetrick's amendments do not qualify as futile.

### b.   Prejudice

IINK also cannot credibly claim prejudice when it "was from the outset made fully aware of the events giving rise to th[is] action." *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980). Further, Hetrick's motion was raised during discovery, leaving IINK sufficient time to gather additional evidence as it thought necessary. *Cf. Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010) (upholding denial of leave to amend when it "would have required [the court] to reopen discovery and thereby prejudice [the defendant]").[2]

### c.   Bad Faith

Finally, the Court finds no bad faith under the present circumstances. Bad faith requires some improper purpose lurking behind the amendment. *See, e.g., Peamon v. Verizon Corp.*, 581 F. App'x 291, 292 (4th Cir. 2014) (bad faith to seek amendment to artificially inflate damages to satisfy subject matter jurisdiction). The record wholly lacks any indication of such ill motive. Instead, Hetrick seeks to amend so that his Complaint aligns with discovery evidence. "Before discovery has unearthed relevant facts and evidence," it can be difficult for a plaintiff to precisely plead her alleged legal infraction. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). Indeed, the "simplified notice pleading standard" of Rule 8 "relies on liberal discovery

---

[2] Although Hetrick's motion was brought near the end of the discovery period, the parties operated on a condensed timeline, and Hetrick moved to amend only a few weeks into discovery and shortly after he became aware of new evidence. Further, IINK relies on a case that found bad faith from a delay, but that case concerned a post-judgement motion to amend, which is not at issue here. *United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 197 (4th Cir. 2022). And in any event, "delay alone" cannot constitute "sufficient reason to deny leave to amend." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509–10 (4th Cir. 1986).

3

rules . . . to define disputed facts and issues and to dispose of unmeritorious claims." *Id.* Thus, Hetrick seeks no more than precisely what the rules contemplate: to conform the facts as alleged in his Complaint to "new information revealed during discovery." *Durr Sys., Inc. v. EFC Sys., Inc.*, 2023 WL 3866413, at *2 (D. Md. June 6, 2023) (citation omitted); *accord Terry v. Wasatch Advantage Grp., LLC*, 2023 WL 8189747, at *2 (E.D. Cal. Nov. 27, 2023) (collecting cases supporting the same). IINK argues that bad faith may be found here, because Hetrick's proposed amendments contradict the factual record. (ECF No. 50 (citing *St. Michael's Media, Inc. v. Mayor & City Council of Baltimore*, 2022 WL 137866, at *16 (D. Md. Jan. 14, 2022))). While there may be disputes about the exact wording of the alleged defamatory statements, Hetrick's amendments stand plausibly supported by the record. Thus, the proposed amendments do not constitute bad faith.

    For these reasons, the Court hereby GRANTS Plaintiff's Motion (ECF No. 41).

    Let the Clerk file a copy of this Order electronically and notify all counsel of record.

    It is so ORDERED.

                                                     /s/
                                        David J. Novak
                                        United States District Judge

Alexandria, Virginia
Date: <u>August 28, 2024</u>