IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

PHILIPPE HETRICK,
    Plaintiff,

          v.                                    Civil No. 1:23cv961 (DJN)

IINK CORP.,
    Defendant.

## MEMORANDUM ORDER
### (Addressing Pretrial Motions)

This matter comes before the Court after the final pretrial conference held with Plaintiff Philippe Hetrick ("Plaintiff") and Defendant IINK Corp. ("Defendant") (collectively, "the Parties") on October 8, 2024.  There, the Court addressed the parties' various pretrial motions, as well as other miscellaneous issues brought to the Court's attention.  For the reasons stated from the bench and those in this Order, the Court hereby ORDERS the following:

1. Because Plaintiff failed to file a motion asking the Court to find the statements at issue defamatory per se as a matter of law, the Court finds that Plaintiff has WAIVED the ability to assert defamation per se in this case.

2. In Defendant's Motion in Limine (ECF No. 73), Defendant objects to Plaintiff's use of emails and audio files that have been redacted to convey only relevant information.  The Court hereby DENIES this objection.

3. In Defendant's Motion in Limine (ECF No. 73), Defendant objects to Plaintiff's use of his mediation statement as evidence.  The Court hereby GRANTS IN PART and DENIES IN PART this objection.  Defendant may not introduce the mediation statement

as an exhibit, but he may use the charts from the mediation brief so long as Defense lays

a sufficient foundation for the information contained in the charts and the information

was produced in discovery.

4. In Defendant's Motion in Limine (ECF No. 73), Defendant objects to Plaintiff's use of

articles and screenshots from websites.  The Court hereby DENIES this objection, subject

to Plaintiff properly authenticating the exhibits.

5. In Defendant's Motion in Limine (ECF No. 73), Defendant objects to Plaintiff's use of

Expert Brian Buss' report.  The Court hereby DENIES this objection, as Plaintiff has

agreed that the report will not be introduced as an exhibit.

6. In Defendant's Motion in Limine (ECF No. 73), Defendant objects to Plaintiff

testifying about the alleged defamatory statements.  The Court hereby DENIES this

objection, subject to Joseph Stephens testifying about the alleged defamatory statements.

7. In Defendant's Motion in Limine (ECF No. 73), Defendant objects to Plaintiff

testifying about his damages.  The Court hereby GRANTS IN PART and DENIES IN

PART this objection.  The Court will allow testimony about what Plaintiff received

directly from the company that he no longer receives.  But this cannot be speculative.

Plaintiff must lay a foundation with specific evidence for this testimony.  Moreover, the

Court will instruct the jury that Plaintiff may only seek to recover damages based on what

he received from the company, not what the company lost.

8. In Defendant's Motion in Limine (ECF No. 73), Defendant objects to Plaintiff

introducing evidence of Defendant's cyber security protocols.  The Court hereby

DENIES AS MOOT this objection.

9. In Defendant's Motion in Limine (ECF No. 73), Defendant objects to Plaintiff introducing evidence of Defendant's financial position. The Court hereby DENIES this objection; however, the parties may only use evidence of Defendant's financial position for two reasons: (1) punitive damages, if found; and (2) the ability of Defendant to conduct a more fulsome investigation.

10. In Defendant's Motion in Limine (ECF No. 73), Defendant objects to Plaintiff's duplicative exhibits. The Court hereby DENIES AS MOOT this objection.

11. In Defendant's Trial Brief (ECF No. 119), Defendant objects to Plaintiff disavowing previous admissions. The Court hereby finds Plaintiff's previous admissions to be admissible.

12. In Plaintiff's Motion in Limine (ECF No. 76), Plaintiff objects to Defendant's use of evidence from their hacking investigation. The Court hereby DENIES this objection. Defendant may offer their defense, and Plaintiff may then cross-examine witnesses offered to that end.

13. In Defendant's Motion in Support of Objections (ECF No. 78), Defendant makes general objections to all of Plaintiff's exhibits. The Court hereby DENIES AS MOOT these objections.

14. In Plaintiff's Motion to Exclude and Objections to Defendant's Witness List (ECF No. 82), Plaintiff objects to Defendant's proposed witness, Justin Hook. The Court hereby DENIES this objection.

15. In Defendant's Objection to Plaintiff's Witness List (ECF No. 92), Defendant objects to Plaintiff modifying their witness list. The Court hereby GRANTS this objection and excludes the following witnesses from testifying at trial pursuant to Fed. R. Civ P.

37(c)(1):  Feazel Corporate Representative, Jeffery Youngman, Stefan Eliopoulos and Dylan Crosby, as Plaintiff admitted that he did not identify these witnesses in discovery.

16.  In Plaintiff's Opposition to Defendant's Exhibits (ECF No. 83), Plaintiff "temporarily" objects to the transcript of an audio recording.  The Court hereby DENIES AS MOOT this objection.

17.  In Defendant's Proposed Jury Instructions (ECF No. 118), Defendant again asserts that their statements are entitled to a qualified privilege.  The Court resolved this issue during summary judgement and denied the qualified privilege as a matter of law (ECF No. 77).  As a result, the Court hereby DENIES this objection.

Let the Clerk file a copy of this Order electronically and notify all counsel of record.

It is so ORDERED.

_____/s/_____

David J. Novak
United States District Judge

Alexandria, Virginia
Date: October 8, 2024